United States District Court
Southern District of Texas
**ENTERED**
September 26, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MELCHOR  HAWKINS JR., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-271 |
| | § | |
| CAROLYN W. COLVIN, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS ACTION

This civil rights action was filed by a Texas state prisoner pursuant to 42 U.S.C.

§ 1983 who asserts he is entitled to receive social security benefit payments which have

not been paid during his incarceration pursuant 42 U.S.C. § 402(x).[1]

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321

(1996), any prisoner action brought under federal law must be dismissed *sua sponte* if the

complaint is frivolous, malicious, fails to state a claim upon which relief can be granted,

or seeks monetary relief from a defendant immune from such relief.  *See* 42 U.S.C. §

1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.   Plaintiff's action is subject to screening

regardless of whether he prepays the entire filing fee or proceeds as a pauper.  *Ruiz v.*

*United States,* 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott*, 156 F.3d

578, 580 (5th Cir. 1998) (per curiam).   Plaintiff's *pro se* complaint must be read

---

[1] 42 U.S.C. § 402(x) provides for the suspension of social security benefits for individuals "confined in a jail, prison, or other penal institution or correctional facility pursuant to his conviction of a criminal offense."

indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez,* 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that this action be dismissed with prejudice for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), and further, that this action be counted as a "strike" for purposes of 28 U.S.C. § 1915(g).

## I.      JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II.     BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and he is currently confined at the McConnell Unit in Beeville, Texas.  He filed this civil rights action on June 29, 2016, naming the following defendants in both their individual and official capacities: (1) Carolyn W. Colvin; (2) Lynn Marten; (3) Richard Terrell; (4) Lisa Tanner; (5) R. David Guerrero; (6) John Gilmore; (7) Leroy L. Persohn IV; (8) Thomas S. Turner.  (D.E. 1, Page 6).

On August 24, 2006, Plaintiff, then 64 years old, received a 99 year sentence for aggravated sexual assault of a child as well as additional sentences for sexual performance by a child and possession/promotion of child pornography.[2]  On July 20,

---

[2]Plaintiff does not provide any information on his underlying convictions.  However, this information is available from the TDCJ-CID's Offender website at: https://offender.tdcj.texas. gov/OffenderSearch/offenderDetail.action?sid=01660473    which    indicates    Plaintiff    was

2016, Petitioner was given leave to amend his complaint and he filed an amended complaint on August 4, 2016, stating he also incorporated his original petition. (D.E. 1, D.E. 7 and D.E. 9). Petitioner alleges his constitutional rights have been violated because he has not received his social security old-age insurance benefits while incarcerated. (D.E. 1, Page 7-11 and D.E. 9, Page 1). Specifically, Plaintiff alleges 42 U.S.C. § 402(x) constitutes a taking of property without Due Process because he has a vested right to payment of social security benefits. (D.E. 1). Plaintiff further alleges § 402(x) imposes punishment for a crime in violation of his rights under the double jeopardy clause of the Fifth Amendment. (D.E. 1). Lastly, Plaintiff asserts the failure to pay his social security benefits during his incarceration is inconsistent with 42 U.S.C. § 407(a) and *Bennett v. Arkansas*, 485 U.S. 395 (1988)(per curiam).

## III.   DISCUSSION

### A.   Legal Standard

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(2). "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *see also Biliski*

---

convicted on four counts of aggravated sexual assault as well as sexual performance by a child and possession/promotion of child pornography. While it is not clear whether Plaintiff's sentences were to run consecutively or concurrently, the total length of Plaintiff's sentences is immaterial to the present action because, as discussed below, the undersigned recommends Plaintiff's arguments are without merit.

*v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. *Id.*

### B. 42 U.S.C. § 402(x)

Pursuant to 42 U.S.C. § 402(a), every individual who is fully insured, is at least 62 years old, and has filed the appropriate application "shall be entitled to an old-age insurance benefit for each month." However, § 402(x)(1)(A)(i) provides for the suspension of social security benefits for individuals "confined in a jail, prison, or other penal institution or correctional facility pursuant to his conviction of a criminal offense."

### C. Plaintiff's claims

As discussed below, the Courts have consistently dismissed prisoners' constitutional challenges to this statute, upholding the nonpayment of social security benefits to prison inmates. Plaintiff's arguments are not novel as each has previously been raised by other prisoners and found to be without merit. The undersigned agrees.

#### 1. Due process

Plaintiff argues he has a vested right to receive social security benefits, having funded the Trust Fund from which such payments are made from his payroll deductions throughout his years of employment, and he was deprived of this vested right without due process. However, despite Plaintiff's arguments to the contrary, social security benefits are "noncontractual governmental benefit[s]" and there is "not such a right in benefit

payments as would make every defeasance of 'accrued' interests violative of the Due Process Clause of the Fifth Amendment." *See Fleming v. Nestor*, 363 U.S. 603, 611, 617 (1960)(terminating old-age social security benefits payable to an alien who was deported). Therefore, to succeed on this claim, Plaintiff must demonstrate Section 402(x) is not rationally related to a legitimate governmental interest. *See Colbert v. Bowen*, No. A-85-C-333, 1988 WL 251987, at *7-8 (W.D. Tex. 1988) (citing *Fleming*, 363 U.S. at 611) ("[W]ithholding of a noncontractual benefit under a social welfare program" is barred by the Due Process Clause "only if the statute manifests a patently arbitrary classification, utterly lacking in rational justification.") The exclusion of prisoners from social security payments while incarcerated "has a perfectly rational justification that the expenses of shelter, food, clothing and medical care" which social security benefits are to help defray are "being provided for [an incarcerated felon]… free of charge by the prison officials." *Id*. (citing *Washington v. Sec'y* of *Health and Human Serv.*, 718 F.2d 608, 611 (3rd Cir. 1983)); *see also Dail v. United States*, No. 3:00-CV-2354-R, 2001 WL 586693, *4 (N.D. Tex. 2001)(unpublished)("The conservation of scarce [social security] resources provides a rational basis for the suspension of social security benefits to prisoners.")(citation omitted); *see also Graham v. Bowen*, 648 F. Supp. 298, 302 (S.D. Tex. 1986)("Saving money by denying old age benefits to individuals who are otherwise supported by the government cannot be characterized as irrational.") The suspension of benefits "rationally promotes the legitimate underlying congressional policy of conserving scarce social security resources where a prisoner's basic economic needs are provided by other public sources." *Colbert*, 1988 WL 251987, at *7 (citation omitted).

The law in this area is well settled and therefore, it is respectfully recommended Plaintiff's request for relief based on due process fails to state a claim and should be dismissed. *Oliver*, 276 F.3d at 740.

### 2.    Double Jeopardy

Plaintiff next asserts Section 402(x) imposes an additional punishment for his crimes in violation of his rights under the double jeopardy clause of the Fifth Amendment.   As with his due process claims, this argument has consistently been rejected with courts finding the suspension of benefits cannot be characterized as punishment.   *Colbert*, 1988 WL 251987, at *7-8 (suspension of retirement benefits "clearly does not constitute punishment, and the challenged statute does not constitute double jeopardy" as "[t]he sanctions imposed by §402(x) 'is the mere denial of a noncontractual benefit'")(citing *Fleming*, 363 U.S. at 613-14);   *Pace v. United States*, 585 F. Supp. 399, 401 (S.D. Tex. 1984)("The denial of Social Security benefits to Plaintiff and other prisoners cannot be considered punishment under current law)(citing *Fleming*, 363 U.S. at 617); *see also Peeler v. Heckler*, 781 F.2d 649, 651-52 (8th Cir. 1986)(The denial of social security disability payments pursuant to § 402(x) is not a punishment as "there is a rational connection between the provision and the nonpunitive goal of regulating the distribution of disability benefits" and "[p]eople in prison have their subsistence needs taken care of by the imprisoning jurisdiction); *see also Jones v. Heckler*, 774 F.2d 997 (10th Cir. 1985)(the suspension of a prisoner's social security benefits does not constitute punishment)(citations omitted); *see also Treece v. Wilson*, 212 Fed. App'x 948, 951-52 (11th Cir. 2007)(Suspension of benefits is not a punishment

and therefore, "[section] 402(x) violates neither the Eighth Amendment nor the Double Jeopardy Clause.")   Therefore, it is respectfully recommended Plaintiff's request for relief based on double jeopardy fails to state a claim and should be dismissed.  *Oliver*, 276 F.3d at 740.

### 3.    42 U.S.C. § 407(a) and *Bennett v. Arkansas*

Plaintiff's last claim is that the suspension of his social security benefits during his incarceration is inconsistent with 42 U.S.C. § 407(a)("Assignment of [Social Security] Benefits") which provides:

> The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, *or other legal process*, or to the operation of any bankruptcy or insolvency law. (emphasis added).

The Supreme Court has analyzed the terms contained within section 407(a), holding that in order to fall within its protection under "other legal process," there must be a "process much like the processes of execution, levy, attachment and garnishment" with "some judicial or quasi-judicial mechanism…by which control of property passes from one person to another in order to discharge or secure discharge of an allegedly existing or anticipated liability."  *Wash. State Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler*, 537 U.S. 371, 383-84 (2003).  Plaintiff asserts the withholding of his social security benefits pursuant to 42 U.S.C. § 402(x) constitutes "other legal process."

As with his two previous claims, this argument is not novel and has been rejected by other courts.  *See Dail*, 2001 WL 586693, *5 ("Other legal process within the meaning of § 407(a) does not include Congressional acts or the implementation of regulations

pursuant to Congressional delegation.  The suspension of benefits by operation of 42 U.S.C. § 402(x)…[is] not inconsistent with 42 U.S.C. § 407(a));  *Treece v. Colvin*, No. 1:14-cv-1077, 2016 WL 225698, *9 (M.D.N.C. 2016)(citing *Dail*, 2001 WL 586693, *5)(Other legal process pursuant to 42 U.S.C. 407(a) does not include Congressional acts such as the suspension of benefits by operation of 42 U.S.C. § 402(x)) *aff'd*, 2016 WL 1181704 (M.D.N.C. 2016).

In support of his position, Plaintiff cites to *Bennett v. Arkansas*, where the Supreme Court examined the non-assignment provision in 42 U.S.C. § 407(a). 485 U.S. 395 (1988).  In *Bennett*, there was a conflict between the Arkansas law authorizing the attachment of an incarcerated beneficiary's social security benefits as reimbursement for the costs of the prisoner's care and maintenance and federal law, specifically Section 407(a), which exempted these funds from legal process.  *Id*.  The Supreme Court held the Supremacy Clause prohibited Arkansas from seizing prisoners' social security benefits to pay for the cost of incarceration.  *Id*. at 398.

Again, Plaintiff's citation to *Bennett* is not a novel argument in challenging Section 402(x) and several courts have found *Bennett* "simply provides no basis for the argument" that "42 U.S.C. § 402(x)…[is] inconsistent with 42 U.S.C. §407(a)."  *Dail*, 2001 WL 586693, *5; *see also Beck v. Thompson*, No. 1:12-cv-0721, 2012 WL 5289182, *2 (E.D. Cal. 2012) (finding *Bennett* was inapplicable to a prisoner challenging Section 402(x) because there was no conflict between state and federal law, no state had sought to attach Plaintiff's social security benefits, and the Social Security Administration stopped payment of Plaintiff's benefits he was no longer statutorily entitled to them); *Langella v.*

*Bush*, 306 F.Supp.2d 459, 466 (S.D.N.Y. 2004)(holding *Bennett* does not apply to prisoner claims seeking social security benefits from the Commissioner); *Treece*, 2016 WL 225698, * 9 ("Because Plaintiff does not allege that a state law conflicts with federal law, *Bennett* and the Supremacy Clause are inapposite to the instant analysis). Therefore, it is respectfully recommended Plaintiff's request for relief based on this ground fails to state a claim and should be dismissed. *Oliver*, 276 F.3d at 740.

## IV.    RECOMMENDATION

Plaintiff has been given leave to amend his complaint and has been unable to cure the deficiencies in his complaint.  This lawsuit was needless, and Plaintiffs' allegations, taken as true and in the light most favorable to him, fail to state cognizable constitutional violations under 42 U.S.C. § 1983.  Plaintiff's allegations that he should be receiving social security benefits while incarcerated are frivolous and fail to state a claim upon which relief can be granted and therefore, it is respectfully recommended that this action be dismissed with prejudice pursuant to 28 U.S.C. § § 1915(e)(2) and 1915A(b)(1).  It is further respectfully recommended that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g) against this Plaintiff, and that a notice of dismissal be forwarded to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler Texas, 75702, Attention:  Lori Stover.

Respectfully submitted this 26th day of September, 2016.

Jason B. Libby
United States Magistrate Judge

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).