Case 2:16-cv-00271   Document 18   Filed on 06/12/18 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
June 12, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MELCHOR HAWKINS JR., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-271 |
| | § | |
| CAROLYN W. COLVIN, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DENY PLAINTIFF'S MOTION FOR
RELIEF FROM JUDGMENT**

Plaintiff Melchor Hawkins Jr. is a Texas inmate appearing *pro se* in this civil rights 42 U.S.C. § 1983 action. Pending is Plaintiff's Motion for Relief from Judgment. (D.E. 17). For the reasons stated below, it is respectfully recommended that Plaintiff's motion be **DENIED**.

**I.     BACKGROUND**

Plaintiff is currently housed at the McConnell Unit in Beeville, Texas. (D.E. 1, Page 2). Plaintiff is a veteran and meets the age qualifications for Social Security elderly benefits. *Id*. Plaintiff named the following defendants in their individual and official capacities in his original complaint on June 29, 2016: (1) Carolyn W. Colvin; (2) Lynn Marten; (3) Richard Terrell; (4) Lisa Tanner; (5) R. David Guerrero; (6) John Gilmore; (7) Leroy L. Persohn IV; (8) Thomas S. Turner. (D.E. 1, Page 6). Plaintiff subsequently filed his amended complaint. (D.E. 9). Plaintiff's civil rights action complained the

withholding of social security benefits while he was incarcerated violated his constitutional rights. (D.E. 1, Pages 7-11 and D.E. 9, Page 1). Specifically, Plaintiff claims Defendants' failure to pay his otherwise-entitled benefits constitutes a taking of property, violates the double jeopardy clause of the Fifth Amendment, and is inconsistent with *Bennett v. Arkansas*, 485 U.S. 395 (1988) (per curiam) and 42 U.S.C. § 407(a). (D.E. 1).

On September 26, 2016, the undersigned entered a memorandum and recommendation (M&R) to dismiss the action. (D.E. 11). The undersigned recommended Plaintiff's claims be dismissed with prejudice as frivolous and for failure to state a claim for relief. (D.E. 11, Page 9). Furthermore, the undersigned recommended the dismissal count as a strike pursuant to 28 U.S.C. § 1915(g). On February 15, 2018, Senior United States District Judge Hilda G. Tagle adopted the M&R and entered final judgment. (D.E. 13 and D.E. 14).

## II.   MOTION FOR RELIEF FROM JUDGMENT

On March 16, 2018, Plaintiff filed the pending Motion for Relief from Judgment. (D.E. 17). Plaintiff's motion was brought under the Federal Rules of Civil Procedure, Rule 60(a) or 60(b). (D.E. 17). A motion that challenges a prior judgment on its merits is treated either as a Rule 59(e) motion to alter or amend the judgment or a Rule 60(b) motion for relief from judgment. *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994). The time in which the motion was served determines which rule applies. *Id*. Plaintiff's motion

is construed pursuant to Rule 59(e) because Plaintiff filed the motion within 28 days of the final judgment.[1]

For a motion to succeed under Rule 59(e), the party must clearly establish a manifest error of law or fact or present newly discovered evidence. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). A Rule 59(e) motion has a narrow scope and allows a party to either present newly discovered evidence or to correct manifest errors of law or fact. *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). Arguments that could have been raised before the entry of the judgment including rearguing evidence and legal theories are not the purpose of a Rule 59(e) motion. *Id*. It is not proper to use Rule 59(e) to re-litigate or get "a second bite of the apple" on previously addressed issues by the parties or the Court. *N. Cypress Med. Ctr. Operating Co. v. Blue Cross Blue Shield of Texas*, 2010 WL 2245075, at *1 (S.D. Tex. Jun. 2, 2010). Relief from a judgment, due to its narrow scope, is an extraordinary remedy that should not be used often. *Templet*, 367 F.3d at 479.

### III. ANALYSIS

Citing *Hill v. City of Seven Points*, 230 F.3d 167, 168-69 (5th Cir. 2000), Plaintiff first contends the Court's adoption of the M&R is erroneous. (D.E. 17, Page 1). In *Hill*, both parties consented to the judgment of the magistrate judge. *Id.* at 168. However, the

---

[1] While Plaintiff's motion was not filed until the 29th day, the mailbox rule applies to Plaintiff's claim. *See, e.g.*, *Brown v. Taylor*, 829 F.3d 365, 369 (5th Cir. 2016). This rule applies to prisoners appearing *pro se* and considers an appeal to be filed on the day an inmate gives notice to an authority. *Id.* at 368. *Brown* extended this rule to apply to Rule 59(e) motions. *Id.* Since Plaintiff delivered his motion to prison authorities for mailing on March 13, 2018, his motion was filed two days before the Rule 59(e) deadline. (D.E. 17).

district judge did not sign the document as required to allow the magistrate judge's ruling. *Id.* As a result, the Fifth Circuit did not believe it had jurisdiction over the appeal due to insufficient consent at the previous stage. *Id.* at 168-69.

*Hill*, however, is distinguishable from this case in that it involved a magistrate judge's issuance of a final judgment as opposed to a recommendation. A recommendation, such as the M&R issued in this case, differs from a final judgment and is not dispositive. 28 U.S.C.A. § 636(b)(1)(B-C) (2009). A district judge has the authority under § 636(b)(1) to designate a magistrate judge to determine pretrial matters and to conduct hearings and submit findings of fact and recommendations on dispositive matters. Senior United States District Judge Hilda G. Tagle is the presiding judge in this case who, pursuant to § 636(b), properly referred this matter to the undersigned for case management and to furnish a recommendation on any dispositive matters.[2] Plaintiff has failed to demonstrate Judge Tagle's adoption of the undersigned's M&R was in any way erroneous.

Plaintiff next argues the case cannot be appealed. (D.E. 17, Page 1). This argument is without merit and, more importantly, not relevant. This case is not on appeal, but rather is before the Court pursuant to Rule 59(e). *Id.* In *United States v. Cooper*, 135 F.3d 960 (5th Cir. 1998), which Plaintiff references, the plaintiff appealed after the recommendation of the magistrate judge but prior to the recommendation being adopted by the district judge. *Cooper* demonstrates a recommendation is not dispositive but offers

---

[2] *See* Special Order C-2015-01 on file with the District Clerk.

no other insight for the present case. *Id.*; 28 U.S.C.A. § 636(b)(1)(B-C). Furthermore, Plaintiff retains his ability to appeal this case to the Fifth Circuit, should he so choose.

Plaintiff's arguments fail to demonstrate a manifest error of law or fact which entitles him to relief. He otherwise presents nothing to alter the Court's decision to grant judgment against him.

## IV.  RECOMMENDATION

Accordingly, it is respectfully recommended that Plaintiff's Motion for Relief from Judgment under Rule 59(e) be **DENIED**.

ORDERED this 12th day of June, 2018.

Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).